Burke *et al. vs.* Wilkins *et al.*

JAMES A. BURKE *et al.*, plaintiffs in error, *vs.* FRANCIS G. WILKINS *et al.*, defendants in error.

A bill was filed by a purchaser at a sheriff's sale, under a common law *fi. fa.*, against a former purchaser of the same land at a sale by virtue of a tax *fi. fa.*, to set aside and cancel the deed made to such former purchaser. The issue thus made, and the finding thereon by the jury in favor of complainants, did not authorize the Chancellor to decree the cancellation of the deeds, both of defendants and complainants, and to direct that the land be resold under the common law *fi. fa.* If the defendant in execution, or his creditors, had any equities in the premises requiring a resale, they should have been parties to the proceedings, which could have been done on their own motion.

Judicial sale. Equity. Parties. Before Judge JOHNSON. Muscogee Superior Court. May Term, 1873.

James A. Burke, George H. Cameron, Henry L. Benning and Edmund H. Worrill filed their bill against Francis G. Wilkins, Francis G. Wilkins, as trustee for Parmela F. Wilkins and Lucy G. Wilkins, and Parmela F. Wilkins and Lucy G. Wilkins, making, substantially, the following case:

On June 26th, 1868, a tax execution for $128 00, State and county taxes, issued against James F. Winter, which was, on July 6th, 1868, levied on lot number one hundred and ninety-six, in the city of Columbus, as the property of said Winter. On September 7th, 1869, said lot was sold under said levy to John W. Duer, as Ordinary of said county, for $143 00, and a deed was made accordingly on the succeeding day. The property sold was worth $3,000 00. On June 30th, 1868, an execution issued against said Winter for $322 50, the tax due to the Mayor and Council of Columbus, which was levied on the said lot on the third of the ensuing September. The attestation clause to said *fi. fa.* was in the name of William Mills, Mayor, whilst said Mills was not the Mayor at the date it issued, or when it was levied. It was, therefore, null and void. Before and at the time of the aforesaid sale, there was an agreement between said Ordinary and said Mayor and Council, that the former should buy said property and

hold the same until the rents and profits collected by him should prove sufficient to pay said taxes.

One Robert Matthews and the complainants, Burke and Cameron, sued out an attachment against said Winter, returnable to the March term, 1868, of the County Court of said county, which was levied on said lot.   On June 28th, 1870, one F. M. Brockett, who had been made party plaintiff for the use of said Matthews, Burke & Cameron, recovered a judgment in said suit for $2,350 40, principal, and $449 29, interest.   On March 3d, 1871, execution issued from this judgment, which was levied on the succeeding day on said lot. It was soon after agreed between said Ordinary and Henry L. Benning, attorney for the plaintiff in execution, that the property should be sold under said levy, that no claim should be interposed by the former, that the purchaser should pay the aforesaid taxes, and that said Ordinary should make to him a quit claim deed.   On May 2d, 1871, said property was sold under said levy, and said complainants, Worrill and Benning, as attorneys for the plaintiff in execution, acting under said agreement, bid off the same at $1,400 00 for the benefit of said plaintiff.   On May 26th, 1871, a deed was made by the sheriff, in accordance with said sale, and though made to said complainants, yet, in fact, it was for the benefit of said plaintiff.   After said last sale, complainants permitted said Ordinary to remain in possession of said lot, supposing there might be some small portion of the taxes due, and being willing that it should be paid out of the rents, but they have since ascertained that no balance was, in fact, due, and on the contrary, that he had collected some $1,000 00 more than said taxes amounted to.   On December 21st, 1871, said Duer, as Ordinary, conveyed said lot to the defendant, Francis G. Wilkins, the county treasurer of said county, as trustee for the defendants, Parmela F. and Lucy G. Wilkins, with power of sale in said Francis G.   No consideration was paid for said deed.   Said Francis G. being well aware of the terms and conditions on which said Ordinary held said lot, contracted to hold said property subject to the same.   He had full notice of

the sale to Benning and Worrill, and of the agreement between said purchasers and said Ordinary.

Brockett never had any interest in said execution, but was a mere naked trustee. Matthews has sold his interest therein to the defendant, Worrill. The defendant, Francis G., is insolvent.

Prayer, that the defendant, Francis G., may be compelled to convey said lot to the complainants, and to deliver to them possession of the same; that he may be compelled to account for the rents thereof; that a receiver may be appointed to collect the rents and hold the same subject to the order of the Court; that the writ of subpœna may issue.

The answer of the defendants is unnecessary to an understanding of the decision.

The jury found "the issues in this case for the plaintiffs." The complainants moved for a decree as follows:

"That the plaintiffs do recover of the defendants the land mentioned in said bill, and that a writ of assistance do issue to put the plaintiffs in possession of said land."

The Court refused to allow the same, and complainants excepted.

The Court, among other things not excepted to by complainants, decreed as follows:

"That the sale, under the execution in favor of Brockett for use, etc., against James F. Winter, of said land mentioned, by the sheriff to Worrill and Benning, be set aside, and the deed made by the sheriff to said Worrill and Benning, under said sale, to said land, be delivered up and canceled; and that the sheriff do proceed with said writ of execution to seize and sell said lot of land according to the rules regulating sheriff's sales; that upon the sale thereof and the payment of the purchase money, he do make to the purchaser thereof good and sufficient titles in fee simple, and do put said purchaser in possession of the premises; that on the first day of the next term of this Court, he then and there make a full return of his proceedings in the premises."

To this portion of the decree the complainants excepted.

The remainder, to which no exception was taken, set aside the sale by said Duer, as Ordinary, to said Wilkins, as trustee, and directed that the deed be delivered up to be canceled.

The complainants assign error upon the aforesaid grounds of exception.

HENRY L. BENNING; M. H. BLANDFORD, for plaintiffs in error.

PEABODY & BRANNON, for defendants.

TRIPPE, Judge.

The record in this case shows a suit by Burke and others against Wilkins, individually, and as trustee for his wife and children, for the purpose of vacating defendant's deed to a certain lot in the city of Columbus, to compel him to convey the same to complainants, and to deliver possession to them. That is the object and prayer of the bill. The jury found "the issues in this case in favor of the plaintiffs." The decree rendered thereon by the Chancellor was, in substance, that the deeds both to complainants and defendant, be delivered up and canceled—the sheriff's sale at which complainants bought be set aside; that the property be resold under complainants' execution, and that the sheriff make a full return of his proceedings in the premises on the first day of the next term.

We do not think that the issue made in the case, and the verdict of the jury authorized such a decree. If Winter, the defendant in execution, or any of his creditors, had any equities in the matter, they were not parties to these proceedings; and if they are paramount to those of the complainants, they, not being bound by the judgment, may still assert them. Until they do so assert them, a Court is not bound to provide for them. The issue was made between complainants and Wilkins. The finding of the jury was in favor of the former. The rights of outside parties were not involved and could not be determined. Such other persons could have been parties

by a cross-bill of the defendant, or upon their own application, if a proper showing for that purpose had been made. If, under any state of the pleadings, their interests could be reached and bound by the provisions of the decree, that very fact would have entitled them to become parties. The verdict must mean not only that Wilkins did not have a good title, but that complainants did. This would secure to them the decree they asked. The jury could not have found that Wilkins' title was invalid, and that it should be set aside, unless upon a demand by some party who established a right in himself. A plaintiff in ejectment must show title in himself, and without this cannot obtain any judgment against a defendant, though it may be made plain that there is an absolute want of title or claim of right in him—nay, though he may be a mere trespasser. And we cannot see how, in this case, a verdict finding the issues in favor of complainant, can be made the basis of a decree to cancel his own deed.

Granting that it is a matter of sound discretion in the Chancellor to grant or refuse the relief prayed for, according to what he may adjudge is reasonable and proper under all the circumstances of the particular case—(and so say the authorities: 2 Story's Equity, section 793)—but this applies more particularly under those judiciary systems where the Chancellor decides both law and fact. Nor does such a rule mean even then, that the Court is not bound by the case before him, to pass only on the rights of the parties to it, and as those rights may be affected *inter sese*, by their own conflicting equities.

If a jury have power to determine facts, and do determine them by verdict, the Court is shut in by their finding, and must mould the decree in accordance therewith.

Judgment reversed.